**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11    MARCELO,                                    No. C-10-04740 SBA (DMR)

12              Plaintiff,                         **ORDER REGARDING SEPTEMBER 6
                                                   AND SEPTEMBER 26, 2011 JOINT**
13         v.                                      **DISCOVERY LETTERS**

14    PERFUMANIA, INC. ET AL,

15              Defendants.
      _____/
16

17              Before the court are the September 6 and September 26, 2011 joint discovery letters

18    submitted by Plaintiff Erlinda Marcelo and Defendants Perfumania, Inc. and Magnifique setting

19    forth the parties' dispute regarding discovery propounded by Plaintiff on Defendants [Docket Nos.

20    39 & 41].   The court conducted a telephonic hearing on September 28, 2011, during which the

21    parties were given an opportunity to present their arguments.  This Order summarizes the rulings

22    made by the court on the record during the September 28, 2011 hearing.

23    **I.      Defendants' Responses to Plaintiff's Requests for the Production of Documents**

24              As a preliminary matter, Defendants are ordered to amend their responses to all of the

25    Requests for Production ("RFPs") at issue in the joint letters so that they comply with Federal Rule

26    of Civil Procedure 34(b)(2) and state unambiguously whether Defendants have fully complied or

27    will fully comply with each request; for example, as to Defendant Perfumania Magnifique,

28    "Defendant has produced all responsive, non-privileged documents" or "Defendant will have

**United States District Court**
For the Northern District of California

1   produced all responsive, non-privileged documents by no later than October 10, 2011," and as to

2   Defendant Perfumania, Inc. "No responsive documents exist."  All amended responses shall be

3   served on Plaintiff by no later than October 3, 2011.

4        Defendants are also ordered to serve a privilege log on Plaintiff that lists all documents that

5   have been withheld on the grounds of privilege and that is sufficiently detailed and informative for

6   Plaintiff to assess whether a document's designation as privileged is justified.  *See* Fed. R. Civ. P.

7   26(b)(5); *see also* Docket No. 38, Notice of Reference and Order Re Discovery Procedures.

8   Defendants shall serve a privilege log on Plaintiff by no later than October 7, 2011.

9   **II.      September 6, 2011 Joint Letter**

10       **A.      Plaintiff's Interrogatory Nos. 8 & 9 and RFP No. 20**

11       Plaintiff's request for an order compelling a further response to Interrogatory No. 8 is

12  DENIED to the extent that Plaintiff is requesting the identification of legal authorities, rather than

13  company policies and procedures that Defendants relied on in denying Plaintiff's requests to be

14  returned to her position as Store Manager.  Such a request improperly seeks Defendants' legal

15  reasoning and theories, and therefore calls for information protected by the work product doctrine.

16  Accordingly, Plaintiff's request for an order compelling a further response to RFP No. 20, which

17  seeks the production of all documents identified in response to Interrogatory No. 8, is also DENIED.

18       Plaintiff's request for an order compelling a further response to Interrogatory No. 9 is

19  DENIED.

20       **B.      Plaintiff's RFPs**

21          **1.      RFP 6**

22       Plaintiff's request for an order compelling a further response to RFP 6 is GRANTED.  Any

23  policies and procedures that applied to Plaintiff's termination that fall outside the time period

24  October 2006 through July 2008 and have not yet been produced shall be produced to Plaintiff by no

25  later than October 5, 2011.

26          **2.      RFPs 7-10**

27       Plaintiff's request for an order compelling further responses to RFPs 7 through 10 is

28  GRANTED IN PART.  The requests shall be narrowed as follows: Defendants shall produce all

documents, including emails, letters, memos, and notes, that mention or relate to Plaintiff's job performance, health, age, injury, disability, request for reasonable accommodations, ability to perform job duties, and complaints to, from, or about Plaintiff, for each of the individual managers for the time periods specified in the requests.  All responsive documents shall be produced to Plaintiff by no later than October 5, 2011.

### 3.     RFPs 12-13

Plaintiff's request for an order compelling further responses to RFPs 12 and 13 is GRANTED.  By no later than October 3, 2011, Defendants shall serve amended responses to the RFPs that state that Defendants are not making the contentions specified in the RFPs and therefore do not have documents responsive to the requests in their possession, custody or control.

### 4.     RFPs 14-15

Plaintiff's request for an order compelling further responses to RFPs 14 and 15 is GRANTED.  With respect to RFP 14, by no later than October 3, 2011, Defendants shall serve an amended response that states whether Defendants have complied in full with the RFP.  Regarding RFP 15, Defendants shall serve an amended response by no later than October 3, 2011 that states that, based upon Plaintiff's representation that Plaintiff is not taking the position that hiring a helper for Plaintiff would have been a reasonable accommodation, Defendants are not making the contention specified in the RFP and therefore do not have documents responsive to the request in their possession, custody or control.

### 5.     RFPs 16-17

Plaintiff's request for an order compelling further responses to RFPs 16 and 17 is GRANTED.

### 6.     RFPs 18-19

Plaintiff's request for an order compelling further responses to RFPs 18 and 19 is GRANTED.

**III.     September 26, 2011 Joint Letter**

**A.     Plaintiff's Interrogatory No. 21**

*United States District Court*
For the Northern District of California

Plaintiff's request for an order compelling a further response to Interrogatory No. 21 is DENIED. Defendants' response to Interrogatory No. 21, which incorporates their responses to Interrogatory Nos. 17 and 18, is adequate.

**B.      Plaintiff's Interrogatory No. 23**

Plaintiff's request for an order compelling a further response to Interrogatory No. 23 is DENIED. A request that Defendants identify legal authorities supporting a personnel decision improperly seeks Defendants' legal reasoning and theories, and therefore calls for information protected by the work product doctrine.

**C.      Plaintiff's Interrogatory Nos. 24-25 and RFPs 29-30**

Plaintiff's request for an order compelling further responses to Interrogatory Nos. 24 and 25 and RFPs 29 and 30 is GRANTED IN PART. Interrogatory Nos. 24 and 25 are narrowed as follows: Defendants shall identify by name, home and work address and home and work phone numbers all persons other than Plaintiff who worked in Defendants' stores in California and who, since January 1, 2004, were terminated or demoted as Store Managers because they were unable to do repetitive lifting of 35 pounds or were unable to do repetitive lifting above shoulder height. RFPs 29 and 30, which correspond to Interrogatory Nos. 24 and 25, are also narrowed accordingly.

By no later than October 10, 2011, Defendants shall serve supplemental responses to Interrogatory Nos. 24 and 25 and all responsive documents to Plaintiff.

**D.      Plaintiff's RFPs 27 and 28**

Plaintiff's request for an order compelling further responses to RFPs 27 and 28 is GRANTED.


IT IS SO ORDERED.


Dated: September 28, 2011

_____
DONNA M. RYU
United States Magistrate Judge